UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JOSEPH PRATT,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:22-cv-02152-SCR<br><br><br><br>ORDER |

Plaintiff sought judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for benefits under the Social Security Act. In October 2023, the matter was remanded pursuant to a stipulation of the parties and by order of Magistrate Judge Barnes. ECF Nos. 23 & 24. On remand, Plaintiff was awarded past benefits of approximately $196,000.[1]

Now pending before the Court is Plaintiff's March 25, 2025 Motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b), which seeks an award of $39,300. ECF No. 28. The Commissioner filed a statement that he "neither supports nor opposes counsel's request for attorney's fees." ECF No. 32 at 1. However, the Commissioner contends that Plaintiff's counsel

---

[1] The Notice of Award states that Plaintiff will be paid $196,588, and that $49,147 will be withheld as 25% of past due benefits in order to pay representative fees. ECF No. 28-2.

1

has incorrectly calculated the amount of EAJA fees that must be returned to Plaintiff. *Id.* at 2-3. For the reasons set forth below, the Court will GRANT the motion.

## I. REASONABLENESS OF FEE REQUEST

At the outset of the representation, Plaintiff and his counsel entered into a contingent-fee agreement. ECF No. 28-1. Pursuant to that agreement, Plaintiff's counsel now seeks attorney's fees in the amount of $39,300.00 which represents less than 25% of the retroactive disability benefits awarded to Plaintiff on remand. ECF No. 28 at 1.

Attorneys may recover a portion of awarded benefits as fees in cases in which they have successfully represented social security claimants:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The goal of fee awards under § 406(b) is "to protect claimants against inordinately large fees and also to ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees." *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1217 (9th Cir. 2012) (cleaned up).

The 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee requested is reasonable. *Gisbrecht*, 535 U.S. at 808-09 ("406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements"). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807. "[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee

2

arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1149 (quoting *Gisbrecht*, 535 U.S. at 793, 808).

In determining whether the requested fee is reasonable, the court considers "'the character of the representation and the results achieved by the representative.'" *Crawford*, 586 F.3d at 1151 (quoting *Gisbrecht*, 535 U.S. at 808). In determining whether a reduction in the fee is warranted, the court considers whether the attorney provided "substandard representation or delayed the case," or obtained "benefits that are not in proportion to the time spent on the case." *Id.* Finally, the court considers the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Crawford*, 586 F.3d at 1151-52 (citing *Gisbrecht*, 535 U.S. at 808); *see also*, E.D. Cal. R. 293(c)(1) (in fixing attorney's fees the court considers "the time and labor required"). Below, the Court applies these criteria in assessing whether the fee requested by counsel in this case pursuant to 42 U.S.C. § 406(b) is reasonable.

Plaintiff's motion provides little information as to the experience or background of his counsel in Social Security litigation. The Court takes judicial notice of the State Bar's website that Ms. Forslund has been admitted to practice since 1991. There is no indication that a reduction of fees is warranted due to any substandard performance by counsel. There is also no evidence that Plaintiff's counsel engaged in any dilatory conduct resulting in excessive delay.

Counsel has submitted a billing statement in support of the requested fee. ECF No. 28-3. The statement reflects 66.5 hours of attorney time.[2] The Court notes that that amount of time is on the higher side of what is generally expended in Social Security cases. *See also Costa v. Commissioner*, 690 F.3d 1132, 1136 (9th Cir. 2012) ("Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases."). However, the administrative record was larger than the typical record, totaling over 5,000 pages. ECF No. 10. And although the matter ultimately resolved via stipulated remand, that was not until after Plaintiff filed a nearly 30-page brief raising several issues. ECF No. 19.

---

[2] The Commissioner contends that the Court should also consider 5.3 hours that were spent on a prior appeal to federal court concerning this same application for benefits in Case No. 20-cv-01993-JAM-DMC, for a total hours of 71.8.

To calculate an effective hourly rate, the Court divides the amount requested by the hours expended. Using 66.5 hours, the effective hourly rate is $591/hour. The Commissioner contends the effective rate is $547/hr. ECF No. 32 at 2.

The Court finds the hours expended to be somewhat excessive, but still within the realm of reasonable considering the size of the record and that several issues were briefed. Even if the Court were to conclude that Plaintiff's counsel should not have expended more than 50 hours, that would result in an effective hourly rate of $786, which would still be reasonable and in accord with other recent awards in this District. *See Garcia v. O'Malley*, 2024 WL 4121872 (E.D. Cal. Sept. 9, 2024) (effective hourly rate of $685); *Guzman Paz v. Commissioner*, 2024 WL 4029592 (E.D. Cal. Sept. 3, 2024) (effective hourly rate of $883); *Garcia v. Commissioner*, 2024 WL 3968083 (E.D. Cal. Aug. 28, 2024) (effective hourly rate of $864). In *Crawford*, the Ninth Circuit found the fee awards in the three consolidated cases to be reasonable. There, the fee requests ranged from $11,500 to $24,000 which, if divided by the hours expended, would have resulted in effective rates in the range of $500 to $900/hour. 586 F.3d at 1145-1147. Courts have also approved higher effective rates. *See Roxsann D. A. v. O'Malley,* 2024 WL 1136398 (C.D. Cal. Feb. 12, 2024) ("The Central District of California has frequently found reasonable fees with effective hourly rates exceeding $1,000").

The Court finds that the $39,300 fee, which is less than 25% of the amount paid in past-due benefits to Plaintiff, is not excessive in relation to the benefits awarded. In making this determination, the court recognizes the contingent fee nature of this case and counsel's assumption of the risk of going uncompensated in agreeing to represent Plaintiff on such terms. *See Crawford*, 586 F.3d at 1152 ("[t]he attorneys assumed significant risk in accepting these cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases"). Accordingly, for the reasons stated above, the court concludes that the fees sought by counsel pursuant to § 406(b) are reasonable.

## II. OFFSET FOR EAJA FEES

An award of § 406(b) fees must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Here, Plaintiff's attorney argues

the $39,300 amount will result in an award of $24,300 because counsel will remit to Plaintiff the $15,000 in EAJA fees previously awarded. ECF No. 17 ($15,000 EAJA award). The Commissioner contends that Plaintiff's counsel must also remit the $1,101.12 in EAJA fees awarded to counsel in the prior appeal, citing *Parrish*, 698 F.3d at 1221. In reply, Plaintiff's counsel contends the $1,101.12 should not be included, and in the alternative asks for leave to amend the motion for fees. ECF No. 33. The amended motion portion of the reply unreasonably seeks to request an additional $3,780 in fees, in order to offset the $1,101.12 in EAJA fees.

The Court will not allow Plaintiff's counsel to amend her motion to seek an additional nearly $4,000 in fees in rebuttal to the Commissioner's argument that the EAJA offset should be increased by $1,100. A reply brief is not the time to raise new arguments. See *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) ("It is well established in this circuit that the general rule is that appellants cannot raise a new issue for the first time in their reply briefs."); *Hamilton v. Willms*, 2007 WL 2558615, *11 (E.D. Cal. Sept. 4, 2007) ("The court cannot grant a motion on a new argument or new evidence presented for the first time in a reply brief."). The Court also notes the reply brief contains scrivener's or mathematical errors. Plaintiff's counsel states she would like to increase her request for fees from $39,300 to $43,080 (a difference of $3,780) based on an additional 5.3 hours from the first case at $600/hr. ECF No. 33 at 2-3. But, 5.3 x $600 is $3,180, not $3,780. Plaintiff's reply also states the total offset for both cases would be $17,101, but the EAJA awards in the two cases are $1,101 for the first case, and $15,000 for the second, for a total of $16,101.

Turning to the merits of the Commissioner's argument, the Ninth Circuit held in *Parrish*: "[I]f a court awards attorney fees under § 2412(d) for the representation of a Social Security claimant on an action for past-due benefits, and also awards attorney fees under § 406(b)(1) for representation of the same claimant in connection with the same claim, the claimant's attorney 'receives fees for the same work' under both § 2412(d) and § 406(b)(1) for purposes of the EAJA savings provision." 698 F.3d at 1221. There is no dispute that Ms. Forslund represented the claimant in both district court cases and on the same claim for benefits. The Ninth Circuit stated: "Where the same attorney represented a claimant at each stage of judicial review, the court need

1  merely offset **all EAJA awards** against the § 406(b) award." *Id.* (emphasis added).  Plaintiff's
2  counsel's argument that *Parrish* does not apply because she did "different work" in the two cases
3  is not convincing.  ECF No. 33 at 2; *see also Franz v. Colvin*, 672 F.App'x 65 (9th Cir. 2017)
4  (relying on *Parrish* and rejecting counsel's argument that some EAJA fees should not be offset
5  because they were earned "applying for fees rather than working on the merits of the case").  The
6  Court must therefore consider all the EAJA awards to Ms. Forslund, which total $16,101.12.
7  　　　　Accordingly, **IT IS HEREBY ORDERED** that:
8  　　　　1.  Plaintiff's Motion for attorney Fees under 42 U.S.C. § 406(b) (ECF No. 28), is
9  GRANTED in the amount of **$39,300.00**;
10  　　　　2.  Plaintiff's alternative motion to amend contained in the reply brief (ECF No. 33) is
11  DENIED;
12  　　　　3.  The Commissioner shall certify the amount of $39,300.00 is to be paid to counsel from
13  the funds previously withheld for the payment of such fees; and
14  　　　　4.  Counsel for Plaintiff is directed to remit to Plaintiff the amount of **$16,101.12** for
15  EAJA fees previously paid to counsel by the Commissioner.
16  　　　　SO ORDERED:
17  DATE: May 19, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

6